UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| DUSTIN JAMES MILLER, | ) |
| Petitioner, | ) Case No. 1:08-cv-37 |
| v. | ) Honorable Paul L. Maloney |
| BARRY DAVIS, | ) **REPORT AND RECOMMENDATION** |
| Respondent. | ) |

   This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is serving a sentence of 29-to-50 years' imprisonment, imposed by the Branch County Circuit Court on May 3, 2002, after petitioner was found guilty in a bench trial of second-degree murder. MICH. COMP. LAWS § 750.317. The *pro se* habeas corpus petition was filed in the Eastern District of Michigan and thereafter transferred to this court. The petition raises three claims for relief: ineffective assistance of counsel arising from the failure to call witnesses and failure to pursue meritorious issues on appeal; prosecutorial misconduct arising from the failure to call endorsed *res gestae* witnesses; and denial of due process arising from the trial court's failure to grant a new trial based on recantation of a trial witness.

   Presently pending before this court is respondent's motion for summary judgment (docket # 17), seeking dismissal of this action on the ground that it was filed after expiration of the one-year statute of limitations established in 28 U.S.C. § 2244(d). After respondent filed his motion for summary judgment, the court issued an order notifying petitioner of his ability to respond to the

motion. (8/19/08 Order, docket # 29). Petitioner has failed to respond to the motion, and the time for response has long expired.

This habeas corpus proceeding has been referred to me for all purposes, including the filing of a report and recommendation on dispositive matters. 28 U.S.C. § 636(b)(1)(B); Rule 10, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS. After review of the state-court record, submitted by the Attorney General in support of respondent's motion, I conclude that this action is clearly barred by the statute of limitations. I therefore recommend that respondent's motion for summary judgment be granted.

**Proposed Findings of Fact**

In light of the narrow grounds for the motion for summary judgment, it is unnecessary to delve into the facts underlying the state-court prosecution or the proceedings in the trial court. Rather, a recitation of the procedural history of the case provides a sufficient factual basis for resolution of respondent's motion.

1. On May 3, 2002, petitioner was sentenced in the Branch County Circuit Court to a term of imprisonment of 29-to-50 years, after his conviction in a bench trial for second-degree murder.

2. Petitioner appealed as of right to the Michigan Court of Appeals, presenting four claims for relief. By opinion entered October 14, 2003, a panel of the Michigan Court of Appeals rejected each issue and affirmed petitioner's conviction and sentence. (*People v. Miller*, No. 241757).

3.	Petitioner applied for leave to appeal to the Michigan Supreme Court, presenting the same four claims, in addition to two further claims. The Michigan Supreme Court entered an order denying leave to appeal on March 30, 2004. (*People v. Miller*, 679 N.W.2d 62 (Mich. 2004)).

4.	On August 1, 2004, petitioner filed an application for habeas corpus relief in the United States District Court for the Eastern District of Michigan. (*Miller v. Warren*, No. 2:04-cv-73329). The habeas corpus petition raised the same claims previously raised in the Michigan Supreme Court. By opinion and order entered April 7, 2006, Judge Patrick J. Duggan determined that petitioner had presented a "mixed petition," in that two of his habeas corpus claims had not been property exhausted in the state courts. The court found that adequate process remained available to petitioner under Mich. Ct. R. 6.500. The court therefore dismissed the mixed petition without prejudice, to allow exhaustion of state remedies. To prevent loss of claims on account of the statute of limitations, the court invoked the procedure authorized in *Hargrove v. Brigano*, 300 F.3d 717, 719-21 (6th Cir. 2002), which allows the district court to toll the running of the statute of limitations on a prospective basis while a petitioner exhausts state remedies. The court dismissed the petition without prejudice and entered the following order:

> IT IS FURTHER ORDERED that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) shall be tolled from August 1, 2004, until the time Petitioner returns to federal court to pursue habeas relief, provided that: (i) Petitioner presents his unexhausted claims to the state court within sixty days from the date of this order and (ii) Petitioner returns to this Court to pursue habeas corpus relief within sixty days of exhausting state court remedies.

(Opinion and Order of 4/7/06).

5. Petitioner filed a motion for relief from judgment with the Branch County Circuit Court on May 31, 2006, within the time allowed by the Eastern District's order. The trial court entered an order denying the motion on July 12, 2006. Petitioner submitted a delayed application for leave to appeal to the Michigan Court of Appeals on December 11, 2006. By order entered May 30, 2007, the Michigan Court of Appeals denied leave to appeal. (*People v. Miller*, No. 274881). On July 13, 2007, petitioner filed an application for leave to appeal to the Michigan Supreme Court. By order entered September 24, 2007, the application was denied. (*People v. Miller*, No. 134425).

6. On January 7, 2008, petitioner filed the present habeas corpus action in the United States District Court for the Eastern District of Michigan. (*Miller v. McKee*, No. 5:08-cv-10103). Despite the fact that the previous habeas corpus petition had been entertained by that court, the court entered an order on January 11, 2008, transferring the action to this court for lack of proper venue. The case was docketed in this court on January 14, 2008. (*Miller v. Davis*, No. 1:08-cv-37). Petitioner initiated this action in the Eastern District well after the sixty-day time limit established by that court's previous order, which expired on November 23, 2007.

7. Respondent filed his motion for summary judgment on August 18, 2008 (docket # 17), supported by the state trial court and appellate records. Although he was informed of his opportunity to do so by the court's August 19, 2008 order (docket # 29), petitioner has not responded to the motion.

**Discussion**

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under section 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction on direct review to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on March 30, 2004. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under section 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on June 28, 2004. Accordingly, petitioner had one year, until June 28, 2005, in which to file his habeas petition. Petitioner filed his first habeas petition on August 1, 2004, before expiration of the limitations period.

By the time that the Eastern District dismissed petitioner's first habeas corpus petition without prejudice on grounds of exhaustion, the statute of limitations had elapsed. As noted above, the statute expired on June 28, 2005, but the Eastern District's opinion and order was entered on April 7, 2006. The Supreme Court has squarely held that the limitations period for habeas corpus actions is not tolled by the pendency of a federal habeas petition. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). To prevent prejudice to petitioner, Judge Duggan considered adopting the "stay and abeyance" procedure applicable to certain mixed petitions, as recognized by *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002). Judge Duggan found, however, that petitioner was not entitled to the benefit of the stay and abeyance procedure, because petitioner failed to show good cause for his failure to present the claims in state court, as required by *Rhines v. Weber*, 544 U.S. 269 (2005). The

-5-

court then turned to the procedure approved by the Sixth Circuit in *Hargrove v. Brigano*, 300 F.3d 717 (6th Cir. 2002), in which the district court is allowed to dismiss a habeas petition without prejudice and prospectively toll the running of the statute of limitations, as long as the petitioner abides by reasonable conditions. The *Hargrove* court approved the prospective staying of the running of the statute of limitations because it is essentially the same as the stay and abeyance procedure authorized by *Palmer v. Carlton*, and reaches the same result. 300 F.3d at 720-21.[1] Acting pursuant to *Hargrove*, Judge Duggan prospectively tolled the running of the statute of limitations, on condition that petitioner file his post-judgment motion in state court within sixty days from the date of his order *and* that petitioner "return to this Court to pursue habeas corpus relief within sixty days of exhausting state-court remedies." (Opinion and Order of 4/7/06).

        Petitioner met Judge Duggan's first sixty-day condition, but not the second. The Michigan Supreme Court denied leave to appeal on September 24, 2007. The sixty-day period for returning to federal court under Judge Duggan's order expired on November 23, 2007. After that date, the running of the statute was no longer tolled, as the ninety-day period for seeking *certiorari* from post-conviction decisions of the state's Supreme Court does not toll the running of the one-year

---

[1] The Supreme Court's decision in *Rhines* post-dates both *Palmer* and *Hargrove* and imposes restrictions upon the district court's ability to protect a habeas petitioner during the period that he exhausts state remedies. It is likely that the procedure approved in *Brigano* is subject to the same restrictions imposed by *Rhines* on the stay-and-abeyance procedure. Therefore, the Eastern District's finding of a lack of good cause precluded *both* stay-and-abeyance *and* prospective tolling of the statute, the functional equivalent of stay-and-abeyance. The propriety of the Eastern District's order, however, is not before this court. Rather, I assume that Judge Duggan was authorized to toll the running of the statute of limitations prospectively under *Hargrove*, even though petitioner failed to establish good cause under the *Rhines* test.

statute. *See Lawrence v. Florida*, 549 U.S. 327 (2007). Petitioner did not file the instant habeas petition in the Eastern District until January 7, 2008,[2] after the prospective tolling period expired.

This action is therefore untimely under Judge Duggan's order of April 7, 2006. The only other doctrine that might save the timeliness of the petition is equitable tolling.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Souter v. Jones*, 395 F.3d 577, 598 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d at 521; *see also Connolly v. Howes*, No. 04-2075, 2008 WL 5378012, at * 4 (6th Cir. Dec. 23, 2008). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. In fact, he has failed to respond in any fashion to respondent's motion. The fact that petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *Winkfield v. Bagley*, 66 F. App'x 578, 583-84 (6th Cir. 2003);

---

[2] The petition is dated January 2, 2008. Giving petitioner the benefit of the "mailbox rule," *see Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002), does not render the petition timely.

*Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, petitioner has failed to allege grounds for application of equitable tolling of the statute of limitations.

### Recommended Disposition

The one-year statute of limitations under AEDPA expired on June 28, 2005. Judge Duggan nevertheless granted petitioner the conditional benefit of prospective equitable tolling, but that period expired on November 23, 2007, without action by petitioner. Petitioner has not carried his burden of establishing grounds for equitable tolling. I therefore recommend that respondent's motion for summary judgment (docket # 17) be granted and that this action be dismissed as untimely.

Dated:  January 8, 2009                     /s/  Joseph G. Scoville
                                            United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).